**GULF STEVEDORE CORPORATION and Texas Employers' Insurance Association, Plaintiffs-Appellants,**

v.

**Lee H. HOLLIS, Deputy Commissioner and Gabelus Picard, Defendants-Appellees.**

No. 28010.

United States Court of Appeals,
Fifth Circuit.

May 5, 1970.

**161**

UNITED TRANSPORTATION UNION,
Plaintiff-Appellant,

v.

CLINCHFIELD RAILROAD COMPANY,
Defendant-Appellee.

No. 19691.

United States Court of Appeals,
Sixth Circuit.

March 4, 1970.

Ed Bluestein, Jr., Houston, Tex., for appellants.

Sidney Ravkind, Anthony J. P. Farris, U. S. Attys., Jack Shepherd, James R. Gough, Asst. U. S. Attys., Houston, Tex., Leavenworth Colby, Atty., Morton Hollander, U. S. Dept. of Justice, Washington, D. C., for appellees.

Before TUTTLE, WISDOM, and GOLDBERG, Circuit Judges.

PER CURIAM:

Gabelus Picard was working as a longshoreman for Gulf Stevedore on a vessel in Houston when a rope struck him in the eye. The only issue on this appeal is the proper standard for determining the percentage loss of vision. The Longshoremen's Act provides that compensation for loss of eighty percent or more of the vision of an eye "shall be the same as for loss of the eye"—160 weeks' compensation. 33 U.S.C. § 908(c) (5), (16). Picard and the deputy commissioner contend that Picard qualifies under this section because his uncorrected vision suffered a permanent loss of ninety-five percent. Gulf Stevedore Corporation and Texas Employers' Insurance Association contend that because a cataract lens could correct vision to loss of less than eighty percent with possible future improvement, Picard should not qualify. The district court confirmed the deputy commissioner's order awarding Picard compensation for loss of the eye.

Like the district court below we conclude that uncorrected vision is the proper standard under the Act. We adopt the reasoning and conclusions of the district court set forth at Gulf Stevedore Corp. v. Hollis, S.D.Tex.1969, 298 F.Supp. 426.